UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **LUCAS GIFT and** | § | |
| **RYAN CROUSE,** | § | |
| **Individually and On Behalf of** | § | |
| **All Others Similarly Situated** | § | Civil Action No.  4:20-cv-1587 |
| | § | |
| Plaintiffs, | § | |
| | § | **JURY DEMANDED** |
| v. | § | |
| | § | |
| **BJ SERVICES, LLC** | § | |
| | § | |
| Defendant | § | |

**PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT
AND JURY DEMAND**

### I.     OVERVIEW

1.     This is a collective action brought by Individuals and Representatives Lucas Gift and Ryan Crouse ("Plaintiffs" or "Class Representatives"), on their own and on behalf of the proposed class.  Plaintiffs and putative class members are or were employed by BJ Services, LLC ("Defendant") and are or were denied overtime pay required by federal wage and hour laws.  These employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2.     This FLSA Collective Class is made up of all persons employed by BJ Services, LLC at any time from May 6, 2017 to present and whose job was that of "Field Engineer" or some similar title and who were classified as exempt salaried employees and were not paid at least time and one-half for all hours worked over forty in a workweek ("Class Members").

1

## II.     JURISDICTION AND VENUE

3. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

4. Venue is proper in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1391 because Defendant maintains its principal office in Tomball, Texas, and is deemed a resident of this district.

## III.     PARTIES

5. Plaintiff Lucas Gift is an individual residing in Harris County, Texas. This Plaintiff's Consent Form is attached as Exhibit "A".

6. Plaintiff Ryan Crouse is an individual residing in Nueces County, Texas. This Plaintiff's Consent Form is attached as Exhibit "B".

7. Defendant BJ Services, LLC is a foreign limited liability company doing business in the State of Texas and maintains its principal office in Tomball, Texas. This Defendant can be served with process by serving its registered agent for service of process, Capitol Corporate Services, Inc., 206 E. 9th Street, Ste. 1300, Austin, Texas 78701-4411.

8. At all times pertinent to this Complaint, Plaintiffs and Class Members were each employed by Defendant.

## IV.     FLSA COVERAGE

9. At all times pertinent to this Complaint, Defendant has acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiffs and Class Members.

10. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

13. Specifically, Defendant purchased materials through commerce, including uniforms, vehicles, equipment, cell phones, electronic devices, personal protective equipment, and supplies, and conducted transaction through commerce including the use of credit cards, phones and/or cell phones, United States mail, and electronic mail.

14. At all times hereinafter mentioned, Plaintiffs and Class Members were each an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207.

## V. FACTS

15. Defendant is a provider of hydraulic fracturing and cementing services to upstream oil and gas companies engaged in the exploration and production of North American oil and natural gas resources.[1]

16. Although classified as "Field Engineers" or some similar job title, the job duties of Plaintiffs and Class Members primarily involved data entry and transferring data between software

---

[1] https://www.bjservices.com/our-company/about-bj-services

3

programs to generate reports, monitoring inventory of chemicals According to predetermined guidelines, assist with pre-job site inspections, and filling out forms.

17. From the date three years prior to the filing of this Complaint forward, Defendant has had a payroll policy of misclassifying Plaintiffs and Class Members as exempt salaried employees and failed to pay overtime wages of one and one-half times their regular hourly rate for all hours worked over forty in a workweek.

18. This policy applies to all "Field Engineers" or those with similar job titles who performed the job duties described in paragraph 16, *supra*.

19. Class Members were employed by Defendant and performed work similar to Plaintiffs.

20. Plaintiffs and the Class Members were all affected by pay policies and practices described herein.

21. Plaintiffs and Class Members would conduct their day-to-day activities within designed parameters and in accordance with pre-determined operational plans coordinated by Defendant.

22. Plaintiff's and the Class Members daily and weekly activities were routine and largely governed by standardized plans and procedures set by Defendant.

23. Virtually every function was pre-determined by Defendant, including how to perform the tasks set by Defendant, the schedule of work, and related work duties.

24. In fact, Plaintiffs and the Class Members were prohibited from varying their job duties outside of these predetermined parameters.

25. Plaintiffs and the Class Members' duties did not (and currently do not) include the exercise of independent discretion or judgment.

26. Defendant determined the hours Plaintiff and the Class Members worked.

27. Defendant set Plaintiff's and Class Members pay and controlled the number of hours they worked.

28. Defendant set all employment-related policies applicable to Plaintiffs and Class Members.

29. Plaintiffs and Class Members performed their jobs under Defendant's supervision, and using materials and technology approved and supplied by Defendants.

30. Plaintiffs and Class Members were required to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs.

31. At the end of each pay period, Plaintiffs and Class Members received wages from Defendant that were determined by common systems and methods that Defendant selected and controlled.

32. Defendant paid Plaintiffs an amount purported to be a salary.

33. Defendant paid Class Members an amount purported to be a salary.

34. Plaintiffs worked more than forty hours in at least one workweek during the three years before this Complaint was filed.

35. Each Class Member worked more than forty hours in at least one workweek during the three years before this Complaint was filed.

36. When Plaintiffs and Class Members worked more than forty hours in a workweek, Defendant did not pay them one and one-half times their regular hourly rate for all hours worked over forty in a workweek.

37. Defendant classified Plaintiffs and Class Members exempt from the overtime provisions of the FLSA.

38. Plaintiffs and Class Members are not exempt from the overtime provisions of the FLSA.

39. Defendant denied Plaintiffs and Class Members overtime pay as a result of a widely applicable, illegal pay practice.

40. Defendant's conduct as described herein was willful in that it either knew or showed reckless disregard as to whether its conduct violated the FLSA.

41. Defendant's conduct as described herein was not based in good faith and with a reasonable belief that it complied with the FLSA.

## VI. FLSA COLLECTIVE ACTION ALLEGATIONS

42. Plaintiffs bring this complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all persons employed by BJ Services, LLC at any time from May 6, 2017 to present and whose job was that of "Field Engineer" or some similar title and who were classified as exempt salaried employees and were not paid at least time and one-half for all hours worked over forty in a workweek ("Class Members").

43. Per 29 U.S.C. § 216(b), this action may be brought as an "opt-in" collective action for the claims asserted by Plaintiffs because their claims are similar to the claims possessed by the Class Members.

44. Plaintiffs are similarly situated to Class Members. Like Plaintiffs, Defendant subjected Class Members to its common practice, policy, or plan of refusing to pay overtime for all work performed over forty hours in a workweek, in clear violation of the FLSA.

45. Although Defendant permitted and/or required Class Members to work in excess of forty hours per workweek, Defendant has denied them full compensation for their hours worked over forty for work performed for Defendant as Field Engineers or some similar title.

46. Class Members perform or have performed the same or similar work as Plaintiffs.

47. Class Members regularly work or have worked in excess of forty hours during a workweek.

48. Class members are not exempt from receiving overtime compensation under the FLSA.

49. Defendant's failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of Class Members.

50. Although Plaintiffs and Class Members may have different job titles, this action may be properly maintained as a collective action on behalf of the defined class because, throughout the relevant period:

a. Defendant maintained common scheduling systems and policies with respect to Plaintiffs and Class Members, controlled the scheduling systems and policies implemented throughout its company and retained authority to review and revise or approve the schedules assigned to Plaintiffs and Class Members;

b. Defendant maintained common timekeeping systems and policies with respect to Plaintiffs and Class Members;

c. Defendant maintained common payroll systems and policies with respect to Plaintiffs and Class Members, controlled the payroll systems and policies applied to Plaintiffs and Class Members and set the pay rate assigned to Plaintiffs and Class members; and

d. Defendant controlled the classification and pay policies and practices at issue in this litigation and had the ability to deprive Plaintiffs and Class Members of wages owed for overtime hours worked.

51. The specific titles or job responsibilities of each Class Member do not prevent collective treatment.

52. All of the FLSA Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be timely and properly compensated for all hours worked in excess of forty hours per workweek.

53. Although the exact amount of damages may vary among Class Members, the damages for Class Members can easily be calculated, summed, and allocated based upon a simple formula.

54. As such, the class of similarly situated Plaintiffs is properly defined as follows:

> **All persons employed by BJ Services, LLC at any time from May 6, 2017 to present and whose job was that of "Field Engineer" or some similar title and who were classified as exempt salaried employees and were not paid at least time and one-half for all hours worked over forty in a workweek ("Class Members").**

55. The precise number of Class Members should be readily available from Defendant's personnel, scheduling, time and payroll records, and from input received from Class Members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b). The names and addresses and other relevant contact information of the Class Members of the collective action are discoverable from Defendant.

56. Absent a collective action, many members of the proposed FLSA class will likely not obtain redress for their injuries and Defendant will retain the proceeds of its violations.

57. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the class and provide for judicial consistency.

58. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined in paragraph 54 and notice should be promptly sent.

## VII.   CAUSE OF ACTION:  VIOLATIONS OF 29 U.S.C. § 207
### FAILURE TO PAY OVERTIME COMPENSATION
### (COLLECTIVE ACTION)

59. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

60. Plaintiffs and Class Members, Defendant's employees, are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

61. The FLSA requires each covered employer to compensate all nonexempt employees at a rate of not less than one and one-half times their regular hourly rate for all hours worked in excess of forty hours per week.

62. Plaintiffs and Class Members have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of wages owed for work they performed and from which Defendant derived a direct and substantial benefit.

63. Defendant violated and continues to violate the FLSA when it failed to pay Plaintiffs and Class Members under 29 U.S.C. § 207 as nonexempt employees.  Because of these violations, Plaintiffs and Class Members have suffered a wage loss.

64. Defendant's failure to pay overtime to Plaintiffs and Class Members, in violation of the FLSA, was willful in that it either knew or showed reckless disregard as to whether its conduct violated the FLSA.

65. Defendant's failure to pay overtime to Plaintiffs and Class Members, in violation of the FLSA, was not based in good faith and with a reasonable belief that it complied with the FLSA.

## VIII.   JURY DEMAND

66. Plaintiffs hereby request a trial by jury.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA collective class and the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals apprising them of the pendency of this action, and permitting them to assert FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B. Judgment against Defendant in the amount of Plaintiffs' and the collective class' unpaid back wages at the applicable overtime rates;

C. An additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

D. A finding that Defendant's violations of the FLSA were willful and in bad faith;

E. All reasonable costs and attorneys' fees pursuant to pursuant to 29 U.S.C. § 216(b);

F. An award of prejudgment interest (to the extent liquidated damages are not awarded) and post judgment interest as provided by law;

G. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

H. All further relief as the Court deems just and equitable.

DATED this 6th day of May 2020.

Respectfully submitted:

**LEICHTER LAW FIRM, PC**

By: */s/ David G. Langenfeld*
　　　David G. Langenfeld
　　　Attorney-in-Charge
　　　State Bar No. 11911325

Fed. ID No. 15878  
1602 East 7th Street  
Austin, TX 78702  
Tel.: (512) 495-9995  
Fax: (512) 482-0164  
Email: david@leichterlaw.com

**ATTORNEYS FOR PLAINTIFFS**